Smith, C. J.
The facts as found by the common pleas court are these in substance:
(1.) That the Avenue Company owns, controls and operates this avenue from Harrison avenue, Cincinnati, to the Carthage pike, a distance of five and a half miles, and that it is open to the public travel the entire length; that the company is authorized to collect tolls from persons traveling thereon, and for this purpose has two gates, the first of which is at Hopple street, in said city.
(2.) That Bates is the owner of a lot situated 105 feet east of the east line of the avenue, and fronting on a private way not dedicated to the public, and not accepted as a public highway or street. This private way is situated a short distance above (north of) Hopple street, and said first toll-gate, and runs east from the said avenue to Colerain avenue, about 800 feet distant. Colerain avenue is a public street of the city, running parallel with and east of Spring Grove avenue. Between plaintiff’s lot and the said Spring Grove avenue are four other lots which abut thereon.
(3). That since the construction of the avenue the company has dug and ever maintained along the entire distance, and in front of said private way, a ditch for the purpose of draining the avenue; it is located ten or fifteen feet within the lines of the avenue, and just west of the street-car track located on the same, and between said track and the traveled roadway of the avenue, deep enough to prevent the passage of vehicles from the private way to the traveled part of the avenue; and that up to a recent date there was a fence along the avenue, across said private way; that, after it was removed, Bates, in order to have access and exit to and from his said lot, constructed across said ditch, opposite said private way, a suitable bridge, which the company removed; and Bates immediately replaced, and commenced this action to enjoin the company from again removing it.
(4.) That since the construction and maintenance thereof a part of the traveling public has passed, to the loss of the company, along Colerain avenue, thence by said private way and over said bridge to Spring Grove avenue, and thence *378 along the same and returned the same way; that the erection and maintenance of the bridge, and the use of it by the traveling public, has thus created a “shun pike” to the loss of the com pan y in tolls, up to the trial of the case, in the sum of about $500.
(5.) That Bates did not prevent any one so using or desiring to use said “shun pike” from doing so, nor did he take any steps to prevent it, though he knew that it was so used; but there was no testimony that he induced any of said travel to pass over the same.
(6.) That Bates had access to and from his said lot to this avenue by passing along said private way to Colerain avenue, and thence to said avenue by the public streets leading thereto, a short distance both north and south of the private way, and there is no present probability of his being prevented from passing over the way to Colerain avenue.
On these facts the court, as conclusions of law, found that Bates had the right to pass to and from his lot, to and from the then traveled part of Spring Grove avenue, over said private way, in the same manner as if he was the sole owner of said private way, and it was a lot abutting on said avenue.
(2.) That said ditch was a nuisance, from which Bates suffers a special injury, and that he rightfully abated it by building said bridge across it.
(3.) The fact that it, and said private way, are used as a “shun pike,” as found by the court, will not defeat Bates’ right to use and maintain the way and bridge.
The court thereupon adjudged that Bates should execute a bond, conditioned that he would keep the bridge in good order, and save the company harmless from all costs and damages it might incur to the traveling public by his allowing it to get out of repair, and perpetually enjoined the company from interfering therewith, and adjudged the costs against the company, to all of which it excepted, and prosecuted this petition in error to reverse said judgment.
The question submitted to us is: Was the judgment rendered a proper one on the facts as found ?
As we understand the law, it is the right and privilege of any person owning land abutting upon a public highway, (even *379 if it is controlled and managed by a corporation authorized to erect gates and collect tolls from persons traveling over said road), to enter upon such highway, from any part of his premises, and then use the same as any other travelers thereon, if this can be done without substantial injury to the rights of the corporation; for the'maxim, “Sic utere tuo ut alienum non hedas” applies here, as well as in other cases; and he has this right, for the reason, among others, that in the absence of proof to the contrary, the presumption is, that such abutting proprietor owns the land to the center of the highway; the company, or the public, only having an easement therein — and in a case of that kind, we are of the opinion that the owner of such abutting property, if necessary for access to his property, might lawfully erect and maintain a suitable bridge over the ditch in front of his property, and maintain it for the use of himself and his property.
But even such a person would not be allowed to exercise this privilege in a manner substantially to prejudice the rights of the company. It would certainly be an abuse of such privilege to erect such a structure on one side of the tollgate of the company, and another on the other side, and open a passage-way between the two, by which persons passing along such avenue could, if they saw proper to do so, avoid the payment of tolls honestly due from them. This, or any like scheme,’would be a practical destruction of the franchise of the Avenue Company, and a person so acting, who should come into a court of equity to enjoin the company from putting a stop to such conduct, by removing such structures, would not come with very clean hands, and should receive but little consideration at the hands of the court. If he obtained any relief at all, (and it is not likely he would), it should only be on the condition that the passage-way should be kept for the proper use of the owner and his premises, and not of the general public, to the'prejudice of the company; and this could be readily done by having gates or bars at the end of the bridge.
The finding of facts in this case, by the court of common pleas, shows that something very similar to the case supposed, had actually been done by the plaintiff below, and to the sub *380 stantial injury of the Avenue Company. And that by reason of the erection and maintenance of this bridge by him, and his taking no steps to prevent its use by others, such bridge and the private way to which it leads have been used by persons traveling upon the avenue as a ‘‘shun pike,” and that up to the time of the trial in the common pleas the loss of the company by reason thereof has been about the sum of $500. Why then should the company, even if this action had been brought by an owner of land abutting upon the avenue, and opposite to such a structure, be enjoined by a court of equity from removing it from its own property, or from that over which it has possession and control for avenue purposes, when erected by the plaintiff against the remonstrance of the company, and when he has voluntarily allowed it to be used by whoever desired to do so, to the general damage of the company?
But we think the plaintiff below does not, on the finding of fact, stand at all in the position of an abutting landholder, or that he had any right whatever to enter upon the roadway of the company and erect or maintain the bridge; the court expressly finds that the way hy which he enters upon this road is a private way; so far as the finding shows, he had not the slightest interest in it; that he is simply permitted to pass over it to the avenue, and that the owner may deprive him of that privilege at pleasure. On what foundation, then, does his right to erect this bridge stand ? He is not the owner of the ground itself, or of any land abutting on the highway, and has no right in the private way.
We are willing to concede that in case a person who does not own land abutting on the highway, obtains a right from the ovpner of land who does, to pass over such grounds to and from adjacent property and for legitimate purposes, that he would then stand on the same footing with the owner of such abutting property, whose rights are, in our judgment, as we have before indicated. But if the plaintiff below had the right from the o.wner of the private way to pass over it, this would not justify him in doing as he did, in erecting and maintaining the bridge, and allowing, all who chose to do so, *381 to pass over it and avoid the gate, to the great injury of the company.
E. A. Ferguson, for plaintiff.
W. J. T. Wilson, for defendant.
If this private way were a public highway, free to all, then a very different question would be presented.
We think, then, the judgment of the common pleas court against the defendant company, enjoining it as prayed for, with costs, was erroneous and should be reversed.
And proceeding now to render the judgment which that court should have entered, the judgment is reversed with costs, and the original petition dismissed at the costs of the plaintiff.